UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cr-00087-TWP-MJD-2 |
| LEAH J. FINAN, | ) ) ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Leah J. Finan's ("Ms. Finan") *pro se* letter requesting early termination of supervised release (Dkt. 178). For the reasons explained below, the Motion is **denied**.

**I.      DISCUSSION**

Ms. Finan was indicted in this case in 2017. After her arrest, the Court initially released Ms. Finan on pretrial supervision. The Court later revoked her pretrial supervision and remanded her to the custody of the U.S. Marshals when it determined that she had violated the conditions of her release. Specifically, while on supervision, Ms. Finan continued to participate in a scheme similar to that which she had perpetrated against Amazon in order to defraud another organization for profit. (Dkt. 99.)

On May 17, 2018, after pleading guilty to Mail Fraud and Money Laundering, Ms. Finan was sentenced to 68 months of imprisonment, to be followed by 3 years of supervised release. (Dkts. 104, 107.) The offense conduct included Ms. Finan and her husband/co-defendant, Erin J. Finan, defrauding Amazon.com by falsely claiming items they ordered were damaged, not working, or missing parts. They requested and received replacement items from the company at

no charge. The Finan's used over 700 separate accounts to conceal their identities and perpetrate their fraudulent scheme, which resulted in over 2,100 replacement items being shipped to them. The value of the items they obtained was approximately $1,218,504.00. They sold the items to another co-defendant and received approximately $725,000.00.

Ms. Finan began her term of supervised release on May 4, 2022. She states that since her release from prison, she has completed therapy, divorced her husband/co-defendant, reestablished healthy relations with her family, a new boyfriend, and had skin removal surgery due to a 275-pound weight loss. (Dkt. 178.) Ms. Finan also asserts that she has maintained employment, has been paying the restitution as ordered, and has not had any violations. *Id*. For these reasons, she requests early termination of her supervision.

Pursuant to 18 U.S.C. § 3583, a court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. §3553, it finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1). The defendant has the burden of demonstrating early termination is appropriate, and must show that she has done exceptionally well, or that complying with the terms of supervised release poses an undue hardship. *United States v. White*, 2012WL5198364, at *2, (E.D.Wis. Oct. 19, 2012) (citing cases)).

Ms. Finan's Probation Officer filed a memorandum in response to her Motion on November 15, 2023 (Dkt. 180). The Probation Officer reports that while Ms. Finan has had some success by completing mental health counseling, she has struggled maintaining employment and making regular payments as directed. *Id*. Ms. Finan has been unemployed since August 2023 and has made only 10 payments over the last 17 months of supervision. *Id*. Additionally, Ms. Finan

traveled to visit her boyfriend without the permission of her Probation Officer. *Id*. The Probation Officer respectfully objects to the Motion for early termination of supervised release.

The Government also filed a response in opposition to the Motion on November 17, 2023. (Dkt. 181). The Government argues that because of Ms. Finan's technical violations, as well as the 3353(a) factors surrounding her conduct in this case, the

> period of supervised release for this Defendant is reasonably related to—and is no greater deprivation of liberty than is necessary to—protect the public, deter the Defendant from criminal conduct, and provide the Defendant with the structure and support of the U.S. Probation Office to continue to aid in her reentry. *See* 18 U.S.C. § 3583(c) & (d)(1)-(2) (citing *id.* § 3553(a)(2)(B)-(D)).

*Id*. at 2. The Government urges the Court to deny the Motion for the reasons set forth by the Probation Officer. *Id*.

Upon consideration of the §3553(a) factors, the Court finds that early termination is not warranted by the conduct of the Defendant or in the interest of justice. Ms. Finan has not shown that the terms of her supervised release pose any undue hardship and she has presented no reason why it should terminate early. The Court commends Ms. Finan on her efforts and urges her to continue with the positive steps she has taken. Ms. Finan should concentrate on finding and maintaining stable employment and making regular payments on the substantial amount of restitution owed.

## II.    CONCLUSION

For the reasons stated above, the Court concludes that Ms. Finan's present conduct is not consistent with the requirements for early termination or in the interest of justice. Accordingly, the Motion for Early Termination of Supervised Release, Dkt. [178], is **DENIED**.

**SO ORDERED.**

Date:    12/7/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Leah J. Alfrey (Finan)
209 Donnelly Drive
Anderson, Indiana  46011

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov

Electronic notice to United States Probation Office